# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### LAREDO DIVISION

| | | |
|---|---|---|
| **JOSE M. HOLGUIN** | § | **CIVIL ACTION NO.** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | 5:16-cv-350 |
| | § | |
| **STATE FARM LLOYDS** | § | |
| **AND RICARDO ALVARADO** | § | |
| | § | |
| **Defendants** | § | **JURY REQUESTED** |

## INDEX OF STATE COURT PAPERS
## IN CAUSE NO. 2016CVF002577-D3

1. Cover Docket Sheet for the District Court, 341st Judicial District, Webb County, Texas

2. Plaintiff's Original Petition

3. Citation issued to State Farm Lloyds

4. Civil Case – Calendar Call Setting

5. Return of Service – Certified Mail – State Farm Lloyds

6. Original Answer of Defendant State Farm Lloyds to Plaintiff's Original Petition

7. Correspondence to Court Clerk requesting copies

8. Correspondence to Court Clerk – payment of fees



EXHIBIT
A



## Case # 2016CVF002577 D3

### Jose M Holguin vs. State Farm Lloyds, Ricardo Alvarado

**Type:** Contract

**Date Filed:** 10/5/2016 12:00:00 AM

**Court:** 341st District Court

**Complaint:** Contract

| Party Information | | Attorney Information | |
|---|---|---|---|
| Name | Affiliation | Name | Affiliation |
| State Farm Lloyds | Defendant | Daniel C Andrews | Attorney for Defendant |
| Jose M Holguin | Plaintiff | Robert A Pollom | Attorney for Plantiff |
| Ricardo Alvarado | Defendant | | |

### Court Dates

| Date | Description | Status |
|---|---|---|
| 1/3/2017 1:30:00 PM | Calendar Call | Open |

### Activity

| Date | Type | Description |
|---|---|---|
| 12/5/2016 10:56:53 AM | Filing Papers | *IMG* LETTER FROM JONES, ANDREWS, & ORTIZ PAYING FEES. (SL) |
| 12/2/2016 2:23:19 PM | Filing Papers | *IMG* LETTER FROM JONES, ANDREWS & ORTIZ REQUESTING COPIES. (SL) |
| 11/28/2016 9:28:12 AM | Answer | *IMG* ORIGINAL ANSWER OF DEFENDANT STATE FARM LLOYDS TO PLAINTIFF'S ORIGINAL PETITION. (SL) |
| 11/14/2016 12:00:00 PM | Returns | *IMG* CITATION RETURN EXECUTED AS TO STATE FARM LLOYDS BY SERVING ITS AGENT: CORPORATION SERVICE CO. (DOS: 11/7/16). EJG |
| 10/17/2016 11:23:02 AM | Notes | *IMG*CALENDAR CALL FAXED TO ATTORNEY |

## Activity

| Date | Type | Description |
|------|------|-------------|
| 10/17/2016 11:20:47 AM | Issuance | *IMG*FOUR CITATIONS ISSUED–HELD BY CLERK PENDING COPIES AND S.A.SE. CITATIONS MAILED TO ATTORNEY IN S.A.S.E. ON 10/21/2016 |
| 10/14/2016 3:34:30 PM | Court Case Assignment | Court date/time: 1/03/2017 13:30 Hearing Type: 17 Clndr Call Assignment of court date/time. Status entered as Open |
| 10/5/2016 4:51:38 PM | Complaint | *IMG*CONTRACT |
| 10/5/2016 4:51:38 PM | Case Status | Case Status entered as ACTV. Case Status ACTV: Active For STATE FARM LLOYDS |

For more information, please contact the Webb County District Clerks (956-523-4268) or County Clerks (956-523-4266) office.



Filed
10/5/2016 3:18:22 PM
Esther Degollado
District Clerk
Webb District
Esmeralda Alvarado
2016CVF002577D3

CAUSE NO._____

| | | |
|---|---|---|
| JOSE M. HOLGUIN | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| V. | § | _____ JUDICIAL DISTRICT |
| | § | |
| | § | |
| STATE FARM LLOYDS | § | |
| AND RICARDO ALVARADO | § | WEBB COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff JOSE M. HOLGUIN, files this Original Petition against STATE FARM

LLOYDS ("STATE FARM" or the "INSURANCE DEFENDANT"), and RICARDO

ALVARADO ("ALVARADO" or "ADJUSTER DEFENDANT" or herein collectively as

"DEFENDANTS") and in support thereof, would show as follows:

### I.
### DISCOVERY CONTROL PLAN LEVEL

Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas

Rules of Civil Procedure. This case involves complex issues and will require extensive

discovery. Therefore, Plaintiff will ask the Court to order that discovery be conducted in

accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II.
### PARTIES AND SERVICE

Plaintiff resides in Webb County, Texas.

Defendant STATE FARM is in the business of insurance in the State of Texas. The

insurance business done by INSURANCE DEFENDANT in Texas includes, but is not

limited to, the following:

1

- The making and issuing of contracts of insurance with the Plaintiff;

- The taking or receiving of application for insurance, including the Plaintiff's application for insurance;

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiff; and

- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiff.

This defendant may be served with personal process, by a process server, by serving its registered agent Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701 or wherever else it may be found.

Defendant, RICARDO ALVARADO, is an individual residing in and domiciled in the State of Texas. This defendant may be served with personal process via personal service at 823 Main Street, Alamo, Texas 78516, or wherever else he may be found.

### III.
### JURISDICTION AND VENUE

Venue is appropriate in Webb County, Texas because all or part of the conduct giving rise to the causes of action were committed in Webb County, Texas and the Plaintiff and property which is the subject of this suit are located in Webb County, Texas.

Accordingly, venue is proper pursuant to Texas Civil Practice & Remedies Code §15.002.

### IV.
### FACTS

Plaintiff is the owner of a Texas Homeowner's Insurance Policy (hereinafter referred to as "the Policy"), which was issued by INSURANCE DEFENDANT.

Plaintiff owns the insured property, which is specifically located at 3919 Sitting Bull, Laredo, Texas 78043 (hereinafter referred to as "the Property").

2

INSURANCE DEFENDANT sold the Policy insuring the Property to Plaintiff.

During the terms of said Policy, Plaintiff sustained covered losses in the form of wind and/or hail damage and damages resulting therefrom, and Plaintiff timely reported same pursuant to the terms of the Policy.  Plaintiff asked that INSURANCE DEFENDANT cover the cost of repairs to the Property pursuant to the Policy. INSURANCE DEFENDANT failed to conduct a full, fair and adequate investigation of Plaintiff's covered damages.

As detailed in the paragraphs below, INSURANCE DEFENDANT wrongfully denied Plaintiff's claim for repairs to the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, INSURANCE DEFENDANT failed to pay Plaintiff's claim by not providing full coverage for the damages sustained by Plaintiff.

To date, INSURANCE DEFENDANT continues to delay in the payment for the damages to the Property.

INSURANCE DEFENDANT failed to perform its contractual duty to adequately compensate Plaintiff under the terms of their Policy. Specifically, INSURANCE DEFENDANT refused to pay the full proceeds of the Policy after its agent, ADJUSTER DEFENDANT conducted an outcome-oriented investigation, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery under the Policy have been carried out and accomplished by Plaintiff. INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract between it and Plaintiff.

3

Pleading further, INSURANCE DEFENDANT misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. INSURANCE DEFENDANT'S conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

INSURANCE DEFENDANT failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Its conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

INSURANCE DEFENDANT failed to explain to Plaintiff any valid reason for its coverage denial and offer of an inadequate settlement. Specifically, it failed to offer Plaintiff full compensation, without any valid explanation why full payment was not being made. Furthermore, INSURANCE DEFENDANT did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. INSURANCE DEFENDANT conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

4

Further, INSURANCE DEFENDANT failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, it has delayed full payment of Plaintiff's claim and, to date, Plaintiff has not received full payment for the claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

From and after the time Plaintiff's claim was presented to INSURANCE DEFENDANT, its liability to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, it has refused to pay Plaintiff in full, despite there being no basis whatsoever upon which a reasonable insurance company would have relied to deny the full payment. INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing.

Additionally, INSURANCE DEFENDANT knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

Because of INSURANCE DEFENDANT'S wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing Plaintiff with respect to these causes of action.

## V.

## CAUSES OF ACTION AGAINST INSURANCE DEFENDANT

### A.    BREACH OF CONTRACT

INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract between it and Plaintiff. Defendant's failure and/or refusal, as described above, to pay Plaintiff adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

### B.    NONCOMPLIANCE WITH TEXAS INSURANCE CODE:

#### 1.    UNFAIR SETTLEMENT PRACTICES

INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices: TX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though its liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation,

6

constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### 2.    THE PROMPT PAYMENT OF CLAIMS

INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

INSURANCE DEFENDANT'S failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

INSURANCE DEFENDANT'S failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

INSURANCE DEFENDANT'S delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### C.    BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds pursuant to insurance contracts.

INSURANCE DEFENDANT'S failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, it knew or

7

should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## VI.
## CAUSES OF ACTION AGAINST ADJUSTER DEFENDANT

**A.    NONCOMPLIANCE WITH TEXAS INSURANCE CODE**

Plaintiff re-alleges the foregoing paragraphs. At all pertinent times, ALVARADO, the ADJUSTER DEFENDANT, was engaged in the business of insurance as defined by the Texas Insurance Code. The acts and omissions of the ADJUSTER DEFENDANT and his agents constitute one or more violations of the Texas Insurance Code.    More specifically, the ADJUSTER DEFENDANT has, among other violations, violated the following provisions of the Code:

1.  Insurance Code § 542.003(b)(5) and 28 TAC 21.203(5).

2.  Insurance Code chapter 541, section 541.060 by, among other things:

- misrepresenting one or more material facts and/or policy provisions relating to coverage;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which their liability has become reasonably clear;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim under one portion of a policy with respect to which liability has become reasonably clear in order to influence Plaintiff to settle the claim with respect to another portion of the policy;

- failing to promptly provide a reasonable explanation of the basis in law or fact for the denial of Plaintiff's claims;

- refusing to affirm or deny coverage within a reasonable time;

- refusing to conduct a reasonable investigation;

- ignoring damage known to be covered by the Policy; and/or

- conducting an outcome-oriented investigation in order to provide INSURANCE DEFENDANT with a basis to underpay the claim.

8

The foregoing paragraphs are incorporated herein. The INSURANCE DEFENDANT assigned the loss and the claim to RICARDO ALVARADO who was at all pertinent times the agent of the INSURANCE DEFENDANT, through both actual and apparent authority. The acts, representations and omissions of the ADJUSTER DEFENDANT are attributed to the INSURANCE DEFENDANT.

ADJUSTER DEFENDANT inspected Plaintiff's property on or about February 18, 2016. During the inspection, ADJUSTER DEFENDANT was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's claim, including determining the cause of and then quantifying all of the damage done to Plaintiff's property. During the inspection, ADJUSTER DEFENDANT ignored covered damages to the Property and refused to address all of the damages caused by the loss. Specifically, Alvarado, ignored covered damages including but not limited to the entire main house roof. Subsequent to the inspection, ADJUSTER DEFENDANT prepared a repair estimate, completed on or about February 18, 2016, which vastly under-scoped the actual covered damages to the property, thus demonstrating ADJUSTER DEFENDANT did not conduct a thorough investigation of the claim.

Despite having been assigned the claim, and despite being given authority and instructions to inspect, adjust and evaluate the claim, the ADJUSTER DEFENDANT failed and refused to properly adjust the claim. The ADJUSTER DEFENDANT failed to properly inspect the property and the damages, failed to request information, failed to adequately investigate the claim, failed to respond to requests for information from the Plaintiff, failed to timely evaluate the claim, failed to timely and properly estimate the claim, and failed to timely and properly report to the INSURANCE DEFENDANT and make recommendations to the INSURANCE DEFENDANT to address all the covered damages.

9

The Plaintiff provided information regarding the loss and the claim to the ADJUSTER DEFENDANT. The Plaintiff allowed the ADJUSTER DEFENDANT full and complete access to the property. The Plaintiff provided sufficient information to the ADJUSTER DEFENDANT to adjust and evaluate the loss. The Plaintiff made inquiries regarding the status of the loss and payment, but the ADJUSTER DEFENDANT failed and refused to respond to the inquiries and failed to properly adjust the claim and the loss. As a result of the ADJUSTER DEFENDANT'S inadequate and outcome-oriented investigation, to date, Plaintiff has not received full payment for the claim.

The ADJUSTER DEFENDANT'S actions were negligent, reckless, willful and intentional, and were the proximate and producing cause of damages to the Plaintiff.

Where statements were made by the ADJUSTER DEFENDANT, Plaintiff reasonably relied upon them. As a result of the foregoing conduct, which was and is the producing cause(s) of injury and damage to Plaintiff, Plaintiff has suffered damages including, without limitation, actual damages, economic damages, and consequential damages. Moreover, one or more of the foregoing acts or omissions were "knowingly" made, entitling Plaintiff to seek treble damages pursuant to the Insurance Code.

## VII.
## KNOWLEDGE

Each of the acts described above, together and singularly, was done "knowingly" by DEFENDANTS as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

# VIII.
## DAMAGES

Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and producing causes of the damages sustained by Plaintiff.

As previously mentioned, the damages caused by the covered losses have not been properly addressed or repaired in the months since the loss occurred, causing further damage to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of DEFENDANTS' mishandling of Plaintiff's claim in violation of the laws set forth above.

For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times the actual damages. TEX. INS. CODE §541.152.

For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, losses due to nonpayment of the amount the insurer owed, and exemplary damages.

11

For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

### IX.

In addition, as to any exclusion, condition, or defense pled by DEFENDANTS, Plaintiff would show that:

The clear and unambiguous language of the policy provides coverage for damage caused by losses made the basis of Plaintiff's claim, including the cost of access to fix the damages;

In the alternative, any other construction of the language of the policy is void as against public policy;

Any other construction and its use by the DEFENDANTS violate the Texas Insurance Code section 541 et. seq. and is void as against public policy;

Any other construction violates Art. 17.50 of the Texas Business and Commerce Code and is unconscionable and is void as against public policy and was procured by fraudulent inducement;

Any other construction is otherwise void as against public policy, illegal, and violates state law and administrative rule and regulation.

In the alternative, should the Court find any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by Plaintiff;

In the alternative, DEFENDANTS are judicially, administratively, or equitably estopped from denying Plaintiff's construction of the policy coverage at issue;

12

In the alternative, to the extent that the wording of such policy does not reflect the true intent of all parties thereto, Plaintiff pleads the doctrine of mutual mistake requiring information.

## X.
## REQUEST FOR DISCLOSURES

Pursuant to the Texas Rules of Civil Procedure 194, Plaintiff requests that DEFENDANTS provide the information required in a Request for Disclosure.

## XI.
## FIRST REQUEST FOR PRODUCTION TO INSURANCE DEFENDANT

1) Produce the INSURANCE DEFENDANT's complete claim file (excluding all privileged portions) in your possession for Plaintiff's property relating to or arising out of any damages caused by the loss for which INSURANCE DEFENDANT opened a claim under the Policy. Please produce a privilege log for any portions withheld on a claim of privilege.

2) Produce all non-privileged emails and other forms of communication between INSURANCE DEFENDANT, its agents, adjusters, employees, or representatives and the adjuster, and/or their agents, adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiff's property which is the subject of this suit.

3) Produce any complete claim file (excluding all privileged portions) in the INSURANCE DEFENDANT's possession for the Plaintiff/insured and/or for the Plaintiff's property as listed in the Plaintiff's Original Petition, relating to or arising out of any claim for damages which INSURANCE DEFENDANT opened a claim under any policy. Please produce a privilege log for any portions withheld on a claim of privilege.

## XII.
## FIRST REQUEST FOR PRODUCTION TO ADJUSTER DEFENDANT

1) Produce ADJUSTER DEFENDANT's complete claim or adjusting file for Plaintiff's property. Please produce a privilege log for any portions withheld on a claim of privilege.

13

2) Produce all emails and other forms of communication between INSURANCE DEFENDANT, its agents, adjusters, employees, or representatives and the ADJUSTER DEFENDANT, and/or their agents, adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiff's property which is the subject of this suit. This includes any correspondence or communications related to the Plaintiff's property, whether related to this claim or any other claim in the INSURANCE DEFENDANT'S possession. Please produce a privilege log for any items withheld on a claim of privilege.

### XIII.

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief, the maximum of which is over $100,000 but not more than $200,000. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

### XIV.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that DEFENDANTS be cited to appear and answer herein; that, on final hearing, Plaintiff have judgment against DEFENDANTS for an amount, deemed to be just and fair by the jury, which will be a sum within the jurisdictional limits of this Court; for costs of suit; for interest on the judgment; for pre-judgment interest; and, for such other and further relief, in law or in equity, either general or special, including the non-monetary relief of declaratory judgment against the INSURANCE DEFENDANT, to which Plaintiff may be justly entitled.

14

Respectfully submitted,

KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas 78232
Telephone:     (210) 490-7402
Facsimile:     (210) 490-8372

BY:   /s/ Robert A. Pollom
       Robert A. Pollom
       State Bar No. 24041703
       robert@krwlawyers.com

       ATTORNEYS FOR PLAINTIFF

**PLAINTIFF REQUESTS A TRIAL BY JURY**

SERVE
2016CVF002577 D3

## CITATION

THE STATE OF TEXAS

**COURT DATE 01/03/2017@1:30PM**

COUNTY OF WEBB

NOTICE TO THE DEFENDANT: "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."

TO:  STATE FARM LLOYDS BY SERVING ITS AGENT:CORPORATION SERVICE CO. AT:
211 EAST 7TH STREET STE 620
AUSTIN,  TX 78701

DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY COMMANDED TO APPEAR BEFORE THE 341ST DISTRICT COURT of Webb County, Texas, to be held at the said courthouse of said county in the city of Laredo, Webb County, Texas, by filing a written answer to the Petition of Plaintiff at or before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days after the date of service thereof, a copy of which accompanies this citation, in the Cause #: 2016CVF002577 D3 , styled:

JOSE M HOLGUIN, PLAINTIFF
VS.
STATE FARM LLOYDS AND RICARDO ALVARADO DEFENDANTS

Said Plaintiff's Petition was filed on 10/05/2016 in said court by:
ROBERT A POLLOM, ATTORNEY FOR PLAINTIFF
16500 SAN PEDRO STE 302
SAN ANTONIO,  TX 78232

WITNESS ESTHER DEGOLLADO, DISTRICT CLERK OF WEBB COUNTY, TEXAS, Issued and given under my hand and seal of said court at office, this 17 day of October, 2016.

C   L   E   R   K   O   F   C   O   U   R   T

ESTHER DEGOLLADO
WEBB COUNTY DISTRICT CLERK
P.O. BOX 667
LAREDO, TX 78042

BY: _____ DEPUTY
ESMERALDA ALVARADO

2016CVF002577 D3

## OFFICER'S RETURN

Came to hand on the _____ day of _____, 2016 at

_____ O'CLOCK _____.M. Executed at _____,

within the COUNTY of _____ at _____ O'CLOCK ____.M. on

the _____ day of _____, 2016, by delivering to the within named
**STATE FARM LLOYDS,** each, in person, a true copy of this citation together
with the accompanying copy of the petition, having first attached such copy
of such petition to such copy of citation and endorsed on such copy of
citation the date of delivery.

The distance actually traveled by me in serving such process was _____
miles, and my fees are as follows:

Total Fee for serving this citation     $ _____.

To certify which, witness my hand officially.


_____
SHERIFF, CONSTABLE

_____ COUNTY, TEXAS

BY _____
                          DEPUTY


THE STATE OF TEXAS }
COUNTY OF WEBB      }

Before me, the undersigned authority, on this day personally appeared
_____, who after being duly sworn, upon oath said
that a notice, of which the above is a true copy, was by him/her delivered
to _____ on the _____ day of
_____, _____.

SWORN TO AND SUBSCRIBED BEFORE ME on the _____ day of _____,
_____, to certify which witness my hand and seal of office.


_____
                    NOTARY PUBLIC
MY COMMISSION EXPIRES _____

**DAVILA CIVIL PROCESS**

P.O. Box 1733
Helotes, Texas 78023

7016 0600 0000 4017 3515

Corporation Service Company
211 East. 7th Street, Suite 620
Austin, Texas 78701



1000

78701

U.S. POSTAGE
HELOTES, TX
78023
NOV 03 16
AMOUNT
**$7.57**
R2305H126330-03



**HONORABLE BECKIE PALOMO**

**State District Court Judge**

341st JUDICIAL DISTRICT OF TEXAS
WEBB COUNTY JUSTICE CENTER
1110 Victoria Street, Suite 302
Laredo, Texas 78040-4439

## CIVIL CASE – CALENDAR CALL SETTINGS

RE: CAUSE NO:   <u>2016CVF002577 D3</u>

STYLE:   <u>JOSE M HOLGUIN</u>

VS

<u>STATE FARM LLOYDS</u>

**NOTICE** that this case IS SET FOR CALENDAR CALL on   <u>01/03/2017</u>   ,
at <u>1:30 PM</u> at the 341st District Courtroom, 3rd Floor, Webb County Justice Center.

Calendar Call hearings will be in open Court and on the record before **JUDGE BECKIE PALOMO**.
Your presence is **MANDATORY** unless Counsel for Plaintiff(s) file a Joint Pre-Trial Guideline Order
(PTGO) with all counsels signatures on the PTGO.

You may download the PTGO at our website:
**http://www.webbcountytx.gov/DC341st/Links/civ_Jury%20PTGO.pdf**

<u>Counsel for Plaintiff(s)</u>: if you do not appear for calendar call, your case may be dismissed for lack of prosecution.

<u>Counsel for Defendant(s)</u>: if you do not appear for calendar call, a pre-trial guideline order may be
entered with or without your approval and/or signature.

Call the court for jury selection dates and pre-trial hearing dates. Keep in mind jury selection must be set
within the timeframes recommended by the Texas Supreme Court.

If there are any questions regarding this matter please feel free to call the court at the number below.

Magdalena Martinez
Civil Court Coordinator
(956)523-4328

DC:

Filed
11/14/2016 12:00:00 AM
Esther Degollado
District Clerk
Webb District
2016CVF002577 Esther Jo Garza
2016CVF002577 D3

RETURN

# CITATION

THE STATE OF TEXAS
COUNTY OF WEBB

<u>COURT DATE 01/03/2017@1:30PM</u>

NOTICE TO THE DEFENDANT: "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."

TO:  STATE FARM LLOYDS BY SERVING ITS AGENT:CORPORATION SERVICE CO. AT:
     211 EAST 7TH STREET STE 620
     AUSTIN,   TX 78701

DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY COMMANDED TO APPEAR BEFORE THE 341ST DISTRICT COURT of Webb County, Texas, to be held at the said courthouse of said county in the city of Laredo, Webb County, Texas, by filing a written answer to the Petition of Plaintiff at or before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days after the date of service thereof, a copy of which accompanies this citation, in the Cause #: 2016CVF002577 D3 , styled:

JOSE M HOLGUIN, PLAINTIFF
VS.
STATE FARM LLOYDS AND RICARDO ALVARADO DEFENDANTS

Said Plaintiff's Petition was filed on 10/05/2016 in said court by:
ROBERT A POLLOM, ATTORNEY FOR PLAINTIFF
16500 SAN PEDRO STE 302
SAN ANTONIO,   TX 78232

WITNESS ESTHER DEGOLLADO, DISTRICT CLERK OF WEBB COUNTY, TEXAS, Issued and given under my hand and seal of said court at office, this 17 day of October, 2016.

## C   L   E   R   K       O   F       C   O   U   R   T

ESTHER DEGOLLADO
WEBB COUNTY DISTRICT CLERK
P.O. BOX 667
LAREDO, TX 78042

BY: _____ DEPUTY
    ESMERALDA ALVARADO

State of Texas                 County of Webb                 341st District Court
Cause # 2016CVF002577 D3

# OFFICER'S RETURN

Came to hand on the 01st day of November, 2016, at 09:20 o'clock P.M.

Executed at 211 East 7th Street, Set 620, Austin, Texas 78701, within the
County of Travis at _____ o'clock __ .M. on the 07th day of November,
2016, by delivering to the within named **State Farm Lloyds by serving its
Registered Agent, Corporation Service Co., by Certified Mail, Receipt
#70160600000040173515, USPS Tracking Green Card Attached**, each, in
person, a true copy of this **Citation, Plaintiff, Jose M Holguin, Plaintiff's
Original Petition to Defendant, State Farm Lloyds by serving its Registered
Agent, Corporation Service Co,** together with the accompanying copy of
this pleading, having first endorsed on same date of delivery. The distance
actually traveled by me in serving such process was ___ miles and my fees
are as follows:

**I certify that I am over the age of 18, have no interest in the above action,
and a Certified Process Server, in good standing, in the judicial circuit in
which the process was served.**

Subscribed and Sworn to before me on the 11th day
of Nov 2016 by the affiant who is personally
known to me.

_Grace Ducate_
NOTARY PUBLIC

GRACE DUCATE
NOTARY PUBLIC
ID# 6125034
State of Texas
Comm. Exp. 07-12-2020

Raul Davila
SCH #11624  EXP 8/31/2018
**Davila Civil Process**
P.O. Box 1733
Helotes, TX 78023
OFFICE # 210-275-4485

P.O. Box 1733 Helotes, Texas 78023   210-275-4485   serves_u_right78@hotmail.com



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Corporation Service Co
211 East 7th St. #620
Austin, Tx 78701

9590 9402 1676 6053 1492 62

2. Article Number (Transfer from service label)

7016 0600 0000 4017 3515

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent
☐ Addressee

B. Received by (Printed Name) C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
(over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt



**U.S. Postal Service**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

AUSTIN, TX 78701

Certified Mail Fee $3.30

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $ $0.00
☐ Certified Mail Restricted Delivery $ $0.00
☐ Adult Signature Required $ $0.00
☐ Adult Signature Restricted Delivery $ $0.00

Postage $1.57

Total Postage and Fees $7.57

Sent To Corporation Service Co.
Street and Apt. No., or PO Box No. 211 East 7th Street #620
City, State, ZIP+4® Austin TX 78701

11/03/2016

Filed
11/28/2016 9:28:16 AM
Esther Degollado
District Clerk
Webb District
Sara Lopez
2016CVF002577D3

## CAUSE NO. 2016-CVF-002577 D3

| | | |
|---|---|---|
| **JOSE M. HOLGUIN** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **vs.** | § | **341ST JUDICIAL DISTRICT** |
| | § | |
| **STATE FARM LLOYDS** | § | |
| **AND RICARDO ALVARADO** | § | |
| | § | |
| **Defendants** | § | **WEBB COUNTY, TEXAS** |

## ORIGINAL ANSWER OF DEFENDANT STATE FARM LLOYDS TO PLAINTIFF'S ORIGINAL PETITION

STATE FARM LLOYDS ("State Farm"), Defendant in the above-styled and numbered cause, and, reserving the right to file other and further pleadings, exceptions and denials, files this Original Answer to Plaintiff's Original Petition and would respectfully show the Court and Jury the following:

### GENERAL DENIAL

1.     Defendant asserts a general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Defendant, STATE FARM LLOYDS prays upon a final hearing hereof Plaintiff recover nothing of and from Defendant STATE FARM LLOYDS and the Court enter a take-nothing judgment, and for all other just relief to which it may be justly entitled.

Respectfully submitted,

**JONES, ANDREWS & ORTIZ, P.C.**

By: /s/ Daniel C. Andrews
       Daniel C. Andrews
       State Bar No. 01240940
10100 Reunion Place, Suite 600
San Antonio, TX 78216
Telephone: (210) 344-3900
Facsimile:  (210) 366-4301
**COUNSEL FOR DEFENDANT,
STATE FARM LLOYDS**

## CERTIFICATE OF SERVICE

In accordance with the Texas Rules of Civil Procedure, on the 28th day of November, 2016, the above and foregoing instrument was served upon:

Robert A. Pollom
KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas  78232

                        /s/ Daniel C. Andrews
                        Daniel C. Andrews

Filed
12/2/2016 2:23:05 PM
Esther Degollado
District Clerk
Webb District
Sara Lopez
2016CVF002577D3

# JONES, ANDREWS & ORTIZ

ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
10100 REUNION PLACE, SUITE 600
SAN ANTONIO, TEXAS 78216

TELEPHONE 210/344-3900          TELECOPY 210/366-4301          WRITER'S E-MAIL ADDRESS:
dan@jao-law.com

December 2, 2016

Ms. Esther Degollado
District Clerk
1110 Victoria St., Suite 203
Laredo, Texas 78040

   RE: Cause No. 2016-CVF002577 D3: *Jose M. Holguin v. State Farm Lloyds and Ricardo Alvarado*; In the District Court, 341st Judicial District, Webb County, Texas; Our File No. 314.250

Dear Ms. Degollado:

  Please provide a copy of the "Returns - Citation Return executed as to State Farm Lloyds" as reflected on the Court's docket with an activity date of November 14, 2016. With this electronic filing we are submitting our payment in the amount of $3.00.

  The copies may be sent by facsimile to the number shown above, or by electronic mail to dan@jao-law.com, with a copy to jessica@jao-law.com.

  Thank you for your attention to this matter. If you have any questions or comments, please do not hesitate to contact me.

     Very truly yours,

     Daniel C. Andrews

DCA/jr

Filed
12/5/2016 10:56:37 AM
Esther Degollado
District Clerk
Webb District
Sara Lopez
2016CVF002577D3

# JONES, ANDREWS & ORTIZ

### ATTORNEYS AT LAW
### A PROFESSIONAL CORPORATION
10100 REUNION PLACE, SUITE 600
SAN ANTONIO, TEXAS 78216

TELEPHONE 210/344-3900      TELECOPY 210/366-4301        WRITER'S E-MAIL ADDRESS:
                                                              dan@jao-law.com

December 2, 2016

Ms. Esther Degollado
District Clerk
1110 Victoria St., Suite 203
Laredo, Texas 78040

      RE:    Cause No. 2016-CVF002577 D3; *Jose M. Holguin v. State Farm Lloyds and Ricardo Alvarado*; In the District Court, 341st Judicial District, Webb County, Texas; Our File No. 314.250

Dear Ms. Degollado:

      Please provide a copy of the "Returns - Citation Return executed as to State Farm Lloyds" as reflected on the Court's docket with an activity date of November 14, 2016.  With this electronic filing we are submitting our payment in the amount of $3.00.

      The copies may be sent by facsimile to the number shown above, or by electronic mail to dan@jao-law.com, with a copy to jessica@jao-law.com.

      Thank you for your attention to this matter.  If you have any questions or comments, please do not hesitate to contact me.

                  Very truly yours,

                  Daniel C. Andrews

DCA/jr